### ALFRED BOYNTON *vs.* DANIEL BUTTERFIELD & another.

It is no defence to a promissory note which has been given for the amount of an award against the maker, under a submission by him and the payee of all demands between them to arbitration, to show that, at the time of its execution, he took a writing from the payee reciting the receipt of the note "agreeable to the award made this day, which when paid will be in full of all demands;" or that the arbitrators allowed certain claims which were barred by the statute of limitations.

CONTRACT upon a promissory note of $250, dated Pepperell, January 27, 1859.

At the trial in the superior court, before *Russell*, J., after proof of the execution of the note, the defendants introduced evidence to show that the note was given after an award under a submission by the plaintiff and Butterfield of all demands between them to arbitration, and that the following receipt for the note was given by the plaintiff·

" Pepperell, Jan. 27, 1859. Received of Daniel Butterfield a note signed by himself and James E. Butterfield of even date hereof for two hundred and fifty dollars, agreeable to the award of S. Farrar, C. Tarbell and S. P. Shattuck, made this day, which when paid will be in full of all demands up to this day against said Daniel Butterfield."

The defendants also offered to prove that the arbitrators, in making up their award, allowed certain claims which were barred by the statute of limitations; but the judge rejected the evidence, and ruled that the terms of the receipt did not authorize Butterfield to refuse to accept the award, or furnish any defence to the note.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. Gerrish*, for the defendants.

*E. A. Kelly*, for the plaintiff, was not called upon.

BY THE COURT. The receipt, so far from showing that the award was not accepted by the defendants, is decisive proof that they assented to it and gave the note in performance of the award.

Evidence that the arbitrators allowed to the plaintiff in their award the amount of claims which were barred by the statute of limitations was irrelevant and immaterial. It did not prove that the note in suit was without consideration. On the contrary, a debt barred by the statute is a good consideration for a promise.

The objection that such notes were allowed might have formed good ground for setting aside the award; but it is too late to avail the defendant, after he has ratified and accepted the award by giving his note for the amount.

*Exceptions overruled.*